IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No.  00-30058 |
| ) | |
| JAMES A. DAVIS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Federal Defender's Office's Motion to Withdraw as Counsel (d/e 32) (Motion to Withdraw).  On March 31, 2008, Davis filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocain Offense under 18 U.S.C. § 3582 (d/e 31).  The Court appointed the Federal Defender's Office to represent Defendant in filing a motion for reduction of sentence based on the retroactive Amendment in the Guidelines range for cocaine base offenses. Text Order, dated April 7, 2008.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

1

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision . . . ." U.S.S.G. § 1B1.10, comment n.1(A). The commentary to U.S.S.G. § 1B1.10 expressly provides that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10, comment n.4(A).

Davis was originally sentenced by this Court on June 22, 2001, to 65 months imprisonment on each of Counts 1 and 2 to run concurrently, followed by five years of supervised release. The Motion to Withdraw

represents that Davis was released from imprisonment on or about August 17, 2004. On July 18, 2006, this Court issued an arrest warrant arising out of a petition to revoke Davis' supervised release. Davis was subsequently arrested, and on August 21, 2006, this Court revoked Davis' supervised release and sentenced him to 28 months imprisonment on Counts 1 and 2 to run concurrently. See Minute Entry, dated August 21, 2006. Davis is currently serving this sentence. Given these circumstances, the Federal Defender has concluded that the retroactive Amendment would not apply to Davis, and thus, asks for permission to withdraw as his counsel. Motion to Withdraw, ¶ 11.

    THEREFORE, for the reasons set forth above, the Deputy Federal Defender's Motion to Withdraw as Counsel (d/e 32) is GRANTED. Defendant is allowed to pursue this matter pro se. Defendant shall file with this Court no later than July 11, 2008, a pleading that either: (a) concedes that the Amendment does not apply because he is serving a sentence arising out of the revocation of his supervised release, or (b) explains why the Amendment applies in spite of the fact that he is serving a sentence arising out of the revocation of his supervised release. The Court will defer ruling on Davis' pending pro se Motion for Retroactive Application of Sentencing

Guidelines to Crack Cocain Offense under 18 U.S.C. § 3582 (d/e 31) until after that date. The Clerk is directed to forward a copy of this Opinion to Defendant Davis at the Triangle Center, 120 N. 11th St., Springfield, IL 62703.

IT IS THEREFORE SO ORDERED.

ENTER: June 17, 2008

    FOR THE COURT:

                        s/ Jeanne E. Scott
                        JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE